1  RICHARD B. GOETZ (S.B. #115666)
   rgoetz@omm.com
2  CATALINA J. VERGARA (S.B. #223775)
   cvergara@omm.com
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6000
5  Facsimile: (213) 430-6407
6
7  Attorneys for Defendant
   ACE American Insurance Company
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  LOS ANGELES DODGERS LLC, a          Case No. CV-08-08082 JFW (CTx)
    Delaware limited liability company,
13
                                        **DEFENDANT'S FIRST AMENDED**
14            Plaintiff,                **ANSWER AND AFFIRMATIVE**
                                        **DEFENSES TO PLAINTIFF'S**
15      v.                              **FIRST AMENDED COMPLAINT**
                                        **FOR BREACH OF CONTRACT,**
16  ACE AMERICAN INSURANCE              **BREACH OF THE COVENANT OF**
    COMPANY, a Pennsylvania             **GOOD FAITH AND FAIR**
17  corporation,                        **DEALING, DECEIT, AND UNFAIR**
                                        **BUSINESS PRACTICES; DEMAND**
18            Defendant.                **JOR JURY TRIAL**
19
20
21
22
23
24
25
26
27
28

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant ACE American Insurance Company ("ACE"), by and through its undersigned counsel, hereby answers the First Amended Complaint ("FAC") filed by Plaintiff Los Angeles Dodgers LLC (the "Dodgers") on December 30, 2008 as follows:

## GENERAL DENIAL

Except as expressly addressed below, ACE denies each and every allegation in the FAC (including, without limitation, any allegations contained in the preamble, headings, or subheadings of the FAC) and specifically denies any liability to the Dodgers.  ACE expressly reserves the right to seek to amend and/or supplement this Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

In addition to and incorporating the above general denial, ACE further answers the numbered paragraphs in the FAC as follows:

### Answer to "Summary" Allegations

1.      ACE admits that the Los Angeles Dodgers are a Major League Baseball team that has been based in Los Angeles since 1958.  ACE further admits that the Dodgers entered into a contract for insurance with ACE entitled "Employer Purchased Athlete's Individual Total Disability Insurance Policy" (hereinafter the "Policy"), which insured Jason Schmidt ("Schmidt") according to the Policy's terms, conditions, and exclusions.  ACE lacks knowledge or information sufficient to form a belief as to the truth of the corporate history allegations in Paragraph 1, and on that basis denies each and every of those allegations.  The remaining allegations in Paragraph 1 are a statement of the Dodgers' legal position, to which

1   no response is necessary or appropriate.  To the extent that a responsive pleading is

2   required, ACE denies each and every of those allegations.

3       2.      ACE lacks knowledge or information sufficient to form a belief as to

4   the truth of the allegations contained in Paragraph 2, and on that basis denies each

5   and every of those allegations.

6       3.      ACE admits that the Dodgers entered into the Policy, but otherwise

7   lacks knowledge or information sufficient to form a belief as to the truth of the

8   allegations contained in Paragraph 3, and on that basis denies each and every of

9   those allegations.

10      4.      ACE admits that the Dodgers have represented to ACE that they

11  acquired Schmidt's services in late 2006, and that in part on the basis of that

12  representation ACE and the Dodgers entered into the Policy.  ACE lacks knowledge

13  or information sufficient to form a belief as to the truth of the remaining allegations

14  contained in Paragraph 4, and on that basis denies each and every of those

15  allegations.

16      5.      ACE admits that the Dodgers entered into the Policy to insure

17  Schmidt, and that the Policy provided disability coverage for Schmidt up to a stated

18  limit, subject to the Policy's terms, conditions, and exclusions.  The remaining

19  allegations in Paragraph 5 are a statement of the Dodgers' legal position, to which

20  no response is necessary or appropriate.  To the extent that a responsive pleading is

21  required, ACE denies each and every of those allegations.  To the extent Paragraph

22  5 of the FAC seeks to allege facts beyond what ACE has expressly admitted, ACE

23  denies each and every of those allegations.

24      6.      ACE admits that Schmidt had surgery on his right shoulder in 2007

25  and that Schmidt was disabled following the surgery.  ACE further admits that the

26  "Special Condition Limitation" set out in the Policy applies to Schmidt's disability

27  claim.  The terms of the "Special Condition Limitation" are set out in the Policy,

28  and they speak for themselves.  On that ground, ACE denies each and every of the

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

1    allegations in Paragraph 6 that attempts to characterize the "Special Condition

2    Limitation."  To the extent Paragraph 6 of the FAC seeks to allege facts beyond

3    what ACE has expressly admitted, ACE denies each and every of those allegations.

4         7.    ACE denies that the "Special Condition Limitation" does not apply to

5    Schmidt's disability claim.  The remaining allegations in Paragraph 7 are a

6    statement of the Dodgers' legal position, to which no response is necessary or

7    appropriate.  To the extent that a responsive pleading is required, ACE denies each

8    and every of those allegations.

9

10                    **Answer to "The Parties" Allegations**

11        8.    ACE lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations contained in Paragraph 8, and on that basis denies each

13   and every of those allegations.

14        9.    ACE admits that it is a Pennsylvania corporation with its principal

15   place of business in Philadelphia, Pennsylvania, and that it transacts business in the

16   State of California.

17

18                    **Answer to "Jurisdiction" Allegations**

19        10.   ACE admits that this Court has jurisdiction based on diversity of

20   citizenship.

21        11.   ACE admits that venue is proper in this district.

22

23               **Answer to "First Claim for Relief" Allegations**

24        12.   ACE repeats and realleges, with the same force and effect as if set

25   forth fully herein, each and every of the admissions, denials, and allegations

26   contained in Paragraphs 1 through 11 above.

27        13.   ACE admits that the Dodgers entered into the Policy effective

28   February 24, 2007.  ACE further admits that the "Termination Date" specified in

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

1   the Policy is October 15, 2009 "or the end of the team's last official 2009 Regular

2   Season day, whichever is soonest," and that the Policy thus covers the 2007, 2008,

3   and 2009 baseball seasons.  To the extent Paragraph 13 of the FAC seeks to allege

4   facts beyond what ACE has expressly admitted, ACE denies each and every of

5   those allegations.

6         14.    ACE admits that a true and correct copy of the Policy, exclusive of the

7   application for the Policy, was attached to the Dodgers' Notice of Erratum Re:

8   Exhibits to First Amended Complaint, filed on February 4, 2009.  To the extent

9   Paragraph 14 of the FAC seeks to allege facts beyond what ACE has expressly

10   admitted, ACE denies each and every of those allegations.

11         15.    ACE admits that the Policy provided disability insurance to the

12   Dodgers for Schmidt, in accordance with the Policy's terms, conditions, and

13   exclusions.  To the extent Paragraph 15 of the FAC seeks to allege facts beyond

14   what ACE has expressly admitted, ACE denies each and every of those allegations.

15         16.    ACE admits that the Dodgers represented to ACE, in connection with

16   the Dodgers entering into the Policy, that Schmidt had had some evaluation of his

17   shoulder but had continued to pitch successfully.  ACE lacks knowledge or

18   information sufficient to form a belief as to the truth of the remaining allegations in

19   paragraph 16 and, on that basis, denies those allegations.  To the extent Paragraph

20   16 of the FAC seeks to allege facts beyond what ACE has expressly admitted, ACE

21   denies each and every of those allegations.

22         17.    ACE admits that the Dodgers entered into the Policy, and that ACE

23   agreed to cover disability related to Schmidt's right shoulder, subject to the terms,

24   conditions, and exclusions of the Policy.  However, the Dodgers have not set forth

25   in Paragraph 17 the complete terms, conditions, and exclusions of the Policy, which

26   speak for themselves.  On that ground, ACE denies each and every of the

27   allegations in Paragraph 17 that attempts to characterize the Policy.  To the extent

28

1   Paragraph 17 of the FAC seeks to allege facts beyond what ACE has expressly

2   admitted, ACE denies each and every of those allegations.

3        18.    ACE admits that the Policy contains a "Special Condition Limitation"

4   for the "Elimination Period."  However, the Dodgers have not set forth in Paragraph

5   18 the complete terms of the "Special Condition Limitation" or the "Elimination

6   Period," which speak for themselves.  On that ground, ACE denies each and every

7   of the allegations in Paragraph 18 that attempts to characterize those terms.  To the

8   extent Paragraph 18 of the FAC seeks to allege facts beyond what ACE has

9   expressly admitted, ACE denies each and every of those allegations.

10       19.    ACE admits that the Dodgers entered into the Policy.  However, the

11  Dodgers have not set forth in Paragraph 19 the complete terms, conditions, and

12  exclusions of the Policy, which speak for themselves.  On that ground, ACE denies

13  each and every of the allegations in Paragraph 19 that attempts to characterize the

14  Policy.  To the extent Paragraph 19 of the FAC seeks to allege facts beyond what

15  ACE has expressly admitted, ACE denies each and every of those allegations.

16       20.    The Dodgers have represented to ACE, in the context of submitting a

17  claim for coverage, that: (a) Schmidt began the 2007 season as a starting pitcher for

18  the Dodgers; (b) Schmidt was placed on the Disabled List effective April 15, 2007;

19  and (c) Schmidt missed the next 45 games of the season.  On that basis, ACE

20  admits these allegations.  To the extent Paragraph 20 of the FAC seeks to allege

21  facts beyond what ACE has expressly admitted, ACE denies each and every of

22  those allegations.

23       21.    The Dodgers have represented to ACE, in the context of submitting a

24  claim for coverage, that Schmidt returned to the Dodgers' lineup on June 5, 2007

25  following therapy and a minor league rehabilitation assignment.  On that basis,

26  ACE admits the allegations.  The remaining allegations in Paragraph 21 are a

27  statement of the Dodgers' legal position, to which no response is necessary or

28

1   appropriate.  To the extent that a responsive pleading is required, ACE denies each

2   and every of those allegations.

3       22.     The Dodgers have represented to ACE, in the context of submitting a

4   claim for coverage, that: (a) Schmidt was retuned to the Disability List effective

5   June 17, 2007; and (b) Schmidt underwent shoulder surgery on June 20, 2007.  On

6   that basis, ACE admits the allegations.  To the extent Paragraph 22 of the FAC

7   seeks to allege facts beyond what ACE has expressly admitted, ACE denies each

8   and every of those allegations.

9       23.     ACE admits that Schmidt was disabled following his 2007 shoulder

10  surgery.  The remaining allegations in Paragraph 23 are a statement of the Dodgers'

11  legal position, to which no response is necessary or appropriate.  To the extent that

12  a responsive pleading is required, ACE denies each and every of those allegations.

13      24.     ACE admits that Schmidt remained disabled during the 2008 baseball

14  season.  ACE lacks knowledge or information sufficient to form a belief as to the

15  truth of the remaining allegations contained in Paragraph 24, and on that basis

16  denies each and every of those allegations.

17      25.     ACE admits that the Dodgers submitted a Proof of Disability Form to

18  ACE on August 22, 2007.  The remaining allegations in Paragraph 25 are a

19  statement of the Dodgers' legal position, to which no response is necessary or

20  appropriate.  To the extent that a responsive pleading is required, ACE denies each

21  and every of those allegations.  To the extent Paragraph 25 of the FAC seeks to

22  allege facts beyond what ACE has expressly admitted, ACE denies each and every

23  of those allegations.

24      26.     ACE admits that it responded to the Dodgers' Proof of Disability Form

25  by letter dated September 5, 2007.  The text of the letter speaks for itself.  On that

26  ground, ACE denies each and every of the allegations in Paragraph 26 that attempts

27  to characterize the letter.  To the extent Paragraph 26 of the FAC seeks to allege

28

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

1   facts beyond what ACE has expressly admitted, ACE denies each and every of

2   those allegations.

3       27.   ACE admits that it has made payments under the Policy to the Dodgers

4   since July 15, 2008.  ACE also admits the "Special Condition Limitation" applies to

5   Schmidt's disability claim.  The remaining allegations in Paragraph 27 are a

6   statement of the Dodgers' legal position, to which no response is necessary or

7   appropriate.  To the extent that a responsive pleading is required, ACE denies each

8   and every of those allegations.  To the extent Paragraph 27 of the FAC seeks to

9   allege facts beyond what ACE has expressly admitted, ACE denies each and every

10  of those allegations.

11      28.   ACE admits that it has received payment of the full premium charged

12  for the Policy.

13      29.   The allegations in Paragraph 29 are a statement of the Dodgers' legal

14  position, to which no response is necessary or appropriate.  To the extent that a

15  responsive pleading is required, ACE denies each and every of those allegations.

16      30.   ACE denies the allegations contained in Paragraph 30.

17      31.   The allegations in Paragraph 31 are a statement of the Dodgers' legal

18  position, to which no response is necessary or appropriate.  To the extent that a

19  responsive pleading is required, ACE denies each and every of those allegations.

20

21          **Answer to "Second Claim for Relief" Allegations**

22      32.   ACE repeats and realleges, with the same force and effect as if set

23  forth fully herein, each and every of the admissions, denials, and allegations

24  contained in Paragraphs 1 through 31 above.

25      33.   ACE denies the allegations contained in Paragraph 33.

26      34.   ACE denies the allegations contained in Paragraph 34.

27      35.   ACE denies the allegations contained in Paragraph 35.

28

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

36.     The allegations in Paragraph 36 are a statement of the Dodgers' legal position, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, ACE denies each and every of those allegations.

37.     ACE denies the allegations contained in Paragraph 37.

38.     The allegations in Paragraph 38 are a statement of the Dodgers' legal position, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, ACE denies each and every of those allegations.

## Answer to "Third Claim for Relief" Allegations

39.     ACE repeats and realleges, with the same force and effect as if set forth fully herein, each and every of the admissions, denials, and allegations contained in Paragraphs 1 through 38 above.

40.     The allegations in Paragraph 40 are a statement of the Dodgers' legal position, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, ACE denies each and every of those allegations.

41.     The allegations in Paragraph 41 are a statement of the Dodgers' legal position, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, ACE denies each and every of those allegations.

42.     ACE denies the allegations contained in Paragraph 42.

43.     The allegations in Paragraph 43 are a statement of the Dodgers' legal position, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, ACE denies each and every of those allegations.

44.     The allegations in Paragraph 44 are a statement of the Dodgers' legal position, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, ACE denies each and every of those allegations.

45.     The allegations in Paragraph 45 are a statement of the Dodgers' legal position, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, ACE denies each and every of those allegations.

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

1

2                    **Answer to "Fourth Claim for Relief" Allegations**

3            46.    ACE repeats and realleges, with the same force and effect as if set

4     forth fully herein, each and every of the admissions, denials, and allegations

5     contained in Paragraphs 1 through 45 above.

6            47.    The allegations in Paragraph 47 are a statement of the Dodgers' legal

7     position, to which no response is necessary or appropriate.  To the extent that a

8     responsive pleading is required, ACE denies each and every of those allegations.

9            48.    The allegations in Paragraph 48 are a statement of the Dodgers' legal

10    position, to which no response is necessary or appropriate.  To the extent that a

11    responsive pleading is required, ACE denies each and every of those allegations.

12           49.    The allegations in Paragraph 49 are a statement of the Dodgers' legal

13    position, to which no response is necessary or appropriate.  To the extent that a

14    responsive pleading is required, ACE denies each and every of those allegations.

15

16                             **<u>AFFIRMATIVE DEFENSES</u>**

17

18                              **First Affirmative Defense**

19                          **(Failure to Meet Burden of Proof)**

20           50.    As a first and separate affirmative defense, and solely by way of an

21    alternative defense, not to be construed as an admission, ACE alleges that the

22    Dodgers bear the burden of proof on: (a) all of the terms and conditions of the

23    Policy, including but not limited to the "Special Condition Limitation"; and

24    (b) whether they are entitled to recover on their claim for disability benefits.  To the

25    extent the Dodgers have failed to meet their burden, this action is or may be barred

26    in whole or in part.

27

28

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

## Second Affirmative Defense

### (Performance)

51.     As an second and separate affirmative defense, and solely by way of an alternative defense, not to be construed as an admission, ACE alleges that, to the extent that ACE already has performed any obligation under the Policy to which the Dodgers claim they are entitled and which forms the basis for their claim, this action is or may be barred in whole or in part.

## Third Affirmative Defense

### (Genuine Dispute)

52.     As a third and separate affirmative defense, and solely by way of an alternative defense, not to be construed as an admission, ACE alleges that, to the extent any alleged withholding by ACE of policy benefits is based on a reasonable mistake by ACE or a legitimate dispute as to ACE's liability, this action may be barred in whole or in part.

## Fourth Affirmative Defense

### (Failure To Meet Conditions Precedent)

53.     As a fourth and separate affirmative defense, and solely by way of an alternative defense, not to be construed as an admission, ACE alleges that to the extent the Dodgers have failed to meet the conditions precedent to the receipt of benefits under any applicable contract, this action may be barred in whole or in part.

## Fifth Affirmative Defense

### (No Malice/Good Faith Belief)

54.     As an fifth and separate affirmative defense, and solely by way of an alternative defense, not to be construed as an admission, ACE alleges that at all

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

1    times and places mentioned in the FAC, ACE acted without malice and with a good

2    faith belief in the propriety of its conduct.

3

4                         **Sixth Affirmative Defense**

5                 **(No Basis For Punitive Damages)**

6         55.    As a sixth and separate affirmative defense, and solely by way of an

7    alternative defense, not to be construed as an admission, ACE alleges that the

8    Dodgers have failed to state facts sufficient to provide a legal or factual basis to

9    award punitive or exemplary damages.

10

11                        **Seventh Affirmative Defense**

12               **(Punitive Damages Unconstitutional)**

13         56.    As a seventh and separate affirmative defense, and solely by way of an

14    alternative defense, not to be construed as an admission, ACE alleges that the

15    imposition of punitive or exemplary damages would violate Defendants'

16    constitutional rights, including but not limited to those under the due process

17    clauses in the Fifth and Fourteenth Amendments to the Constitution of the United

18    States, the excessive fines clause in the Eighth Amendment to the Constitution of

19    the United States, the double jeopardy clause in the Fifth Amendment to the

20    Constitution of the United States, similar provisions in the California Constitution,

21    common law, public policy, applicable statutes and court rules, to the extent that

22    punitive damages are: (a) imposed by a jury that is not provided standards

23    sufficiently clear for determining the appropriateness of such a punitive damages

24    award and its size; is not adequately and clearly instructed on the limits of punitive

25    damages imposed by the principles of deterrence and punishment; is not expressly

26    prohibited from awarding punitive damages, or determining the amount of an award

27    thereof, in whole or in part, on the basis of invidious discriminatory characteristic,

28    including the corporate status, wealth, or state of residence of ACE; is permitted to

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

1  award punitive damages under a standard for determining liability for such damage
2  which is vague and arbitrary and does not define sufficiently clearly the conduct or
3  mental state which makes punitive damages permissible; and, is not subject to trial
4  court and appellate judicial review for reasonableness and the furtherance of
5  legitimate purposes on the basis of objective standards; (b) imposed where state law
6  is impermissibly vague, imprecise, or inconsistent; (c) subject to no predetermined
7  limit, such as a maximum multiple of compensatory damages or a maximum
8  amount; and/or (d) imposed on the basis of anything other than ACE's conduct in
9  connection with the claim at issue in this litigation, or in any other way subjecting
10  ACE to impermissible multiple punishment for the same alleged wrong.  ACE
11  specifically incorporates by reference all standards and limitations regarding the
12  determination and enforceability of punitive damage awards set forth in *BMW v.*
13  *North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v.*
14  *Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual*
15  *Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).
16
17  **Additional Defenses**
18      57.    The FAC does not describe the Dodgers' underlying claims with
19  sufficient particularity to enable ACE to determine what defenses (including
20  defenses based on the terms, conditions, and exclusions of the Policy) may exist to
21  such underlying claims.  ACE may have additional defenses that cannot be
22  articulated at this time due to the fact that ACE does not have all the documents and
23  information bearing on the insurance coverage issues raised by this action.  Because
24  ACE cannot now assert all of the defenses it may have, ACE expressly reserves all
25  rights to re-evaluate its defenses and/or assert additional defenses upon
26  particularization of the underlying claims, upon discovery and review of additional
27  documents and information, and/or upon the development of other pertinent facts.
28

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

**PRAYER**

WHEREFORE, ACE prays for judgment as follows:

        (A)    that the Dodgers take nothing on the FAC or by this suit;

        (B)    that ACE recover the costs of suit herein and its reasonable attorneys' fees to the extent permitted by applicable law; and

        (C)    for such other and further relief as the Court deems just and proper.


Dated:  May 21, 2009

RICHARD B. GOETZ
CATALINA J. VERGARA
O'MELVENY & MYERS LLP


By: _____
       Catalina J. Vergara

Attorneys for Defendant
ACE American Insurance Company

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

ACE demands trial by jury on all issues triable by jury.

Dated:  May 2l, 2009

RICHARD B. GOETZ
CATALINA J. VERGARA
O'MELVENY & MYERS LLP

By: _____
        Catalina J. Vergara

Attorneys for Defendant
ACE American Insurance Company

- 14 -

CV-08-08082 JFW (CTx)
DEFENDANT'S FIRST
AMENDED ANSWER