|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **PRIORITY SEND** |

**CIVIL MINUTES -- GENERAL**

| Case No. | **CV 08-8082-JFW (CTx)** | Date: July 30, 2009 |
|---|---|---|

Title:   Los Angeles Dodgers LLC -v- Ace American Insurance Company

---

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                                                       None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING DEFENDANT ACE AMERICAN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT [filed 7/13/2009; Docket No. 33]

   On July 13, 2009, Defendant Ace American Insurance Company ("Defendant") filed a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. On July 20, 2009, Plaintiff Los Angeles Dodgers LLC ("Plaintiff") filed its Opposition. On July 27, 2009, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 3, 2009 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

   Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

   An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a

verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.* 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987). In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

In ruling on a summary judgment motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions . . .." *Id.* at 255.

Upon review of the papers and evidence submitted by the parties, the Court finds that there are genuine issues of material fact which preclude the Court from granting summary judgment in favor of Defendant. Accordingly, Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment is **DENIED**. To the extent that Defendant's Motion seeks the Court to rule on which party bears the burden of proving the applicability of the "Elimination Period" or the Special Condition Limitation under the disability insurance policy, the Motion is **DENIED without prejudice** to re-filing as a motion in limine in accordance with the Court's Scheduling and Case Management Order.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.